STATE v. A. O. BRYANT.[1]

December 29, 1905.

Nos. 14,618—(25).

**Impeachment of Witness.**

It is not competent, by way of impeachment, to ask a witness on cross-examination if he had ever been arrested for a crime, or if he was in attendance on court in custody of a sheriff under arrest for a crime, without any reference to whether or not witness had ever been convicted of a crime.

**Reputation of Informer.**

While the testimony of a detective or informer should be closely scrutinized, evidence as to his bad reputation for truth and veracity, of a date so remote as not to reasonably bear upon his reputation at the time of testifying, is properly excluded.

**Intoxicating Liquor.**

A number of assignments of error directed to the charge of the trial court, in a trial under an indictment for the crime of selling intoxicating liquor in a quantity less than five gallons without first obtaining a license, are here examined and found to contain no substantial error.

1 Reported in 105 N. W. 974.

Appeal by defendant from a judgment of the district court for Kandiyohi county, Qvale, J., imposing a sentence of fine and imprisonment, after a trial and conviction of the offense set forth in the opinion. Affirmed.

*Daly & Barnard,* for appellant.

*Edward T. Young,* Attorney General, *Royal A. Stone,* Assistant Attorney General, and *Geo. H. Otterness,* County Attorney, for the State.

JAGGARD, J.

The defendant was convicted of the crime of selling intoxicating liquor in a quantity less than five gallons, without first having obtained a license therefor, at a time and place and to a person set forth in the indictment. After a motion for a new trial had been denied, he was sentenced to pay a fine of $100 and the costs of the prosecution and to be confined in jail for thirty days. He was also sentenced to be committed to jail until such fine and costs were paid, not exceeding thirty days, in addition to the thirty days' imprisonment.

A number of assignments of error were addressed to the rulings on evidence. The most important of these concerned the order of the court sustaining the state's objection to defendant's offer to show, on cross-examination of the state's principal witness, to whom the liquor was sold, that the said witness was in Moorhead, in this state, on Saturday preceding the trial of the action; that he committed the crime of forgery at that place, and in flight went to Duluth, intending to leave the state; that he was arrested upon the charge in Duluth, and was present in court at the trial of this action under arrest and in charge of the sheriff of Clay county. There was no offer to prove that witness had been convicted of this crime, and there was nothing to show that it had any connection with the transactions for which the defendant was being tried. The testimony was not competent impeachment. The court properly sustained the objection. G. S. 1894, § 6841; Dunnell, Minn. Pr. § 772.

The court also struck out the testimony of a witness for the defense who testified to having known the prosecuting witness "since he was a kid," and to have known his reputation for truth and veracity in the neighborhood in which he resided to be bad, because the witness said it had been four years or a little over since he had heard that reputa-

tion questioned. It is true, as counsel for the defendant contends, that the evidence of detectives and informers is always carefully scrutinized by the courts, and that the cross-examination allowed a person prosecuted by such witness is broad, especially when the witness ·claims to have induced the criminal act for the express purpose of prosecution. 9 Am. & Eng Enc. (2d Ed.) 412. Testimony as to the reputation of the witness for truth and veracity must be of a date not too remote to reasonably bear upon his reputation at the time of testifying. Swanson v. Andrus, 84 Minn. 168, 87 N. W. 363, 88 N. W. 252; 10 Enc. Pl. & Pr. 300; 3 Enc. Ev. 28, 29, note 78, et seq. While there is a presumption against any sudden change in the character of a person who has reached the age of maturity (Norwood v. Andrews, 71 Miss. 641, 16 South. 262; 3 Enc. Ev. 33), the court did not abuse its .discretion in excluding the evidence under the circumstances of this case. See cases collected in note 94, 3 Enc. Ev. 33.

A considerable number of assignments of error are addressed to the charge. Inter alia, the court charged:

> In all suits or prosecutions under any of the provisions of this chapter, the finding of intoxicating. liquors on the premises in question shall be prima facie evidence of their sale on such premises.

It is insisted that, inasmuch as there is no allegation of the particular place in Willmar where the sale took place, the words "such premises" must refer to the whole town of Willmar, and that therefore the jury was authorized by the court's charge to find the defendant guilty if any intoxicating liquor was found in the whole village. Construing the charge as a whole, it is evident that the court by the term "premises" referred to the building occupied by the defendant and used by him, according to the finding of the jury, as a "blind pig" or "hole in the wall."

Another assignment of error is directed to the charge:

> Where did the bottle of whiskey come from? Miracles don't happen now. It came from some place.

We are unable to discover that this was error. The argument of fact contained was vivacious; but we know of no rule of law requiring the court to be gratuitously dull.

The other assignments of error have been examined and considered, and are found to be without reversible error. The judgment is accordingly affirmed, and it is directed that the sentence pronounced be executed.

Judgment affirmed.