## STATE v. ARTHUR MEYERS.[1]

### January 7, 1916.

### Nos. 19,386—(8).

**Illegal sale of intoxicating liquor — evidence.**

1. In this prosecution for an illegal sale of liquor the evidence sustains the conviction.

[1] Reported in 155 N. W. 766.

**Statutory definition of the word "sale."**

2. The definition given in section 3188, G. S. 1913, of the meaning of the terms "sell" or "sale" in chapter 16, G. S. 1913 (the laws relating to intoxicating liquors), is sufficiently clear and complete, and may be given to the jury without further explanation.

**Charge to jury — reputation of accused.**

3. The instruction of the court did not unduly limit or restrict the effect of the testimony relating to the good reputation of defendant.

**Refusal to instruct.**

4. The court rightly refused to single out the testimony of the detectives and instruct that the same should be closely scrutinized.

**Same.**

5. No error was committed in refusing to instruct that, if the liquor was furnished in a spirit of hospitality, with no intent to violate the law, there was no crime, for defendant denied that he furnished the pint of beer, for the illegal sale of which he was tried, either in the spirit of hospitality or for any other purpose.

Defendant was indicted by the grand jury of the county of Lyon for selling intoxicating liquor without a license, was tried in the district court for that county before Olsen, J., and a jury, and convicted. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Tom Davis* and *Ernest A. Michel,* for appellant.

*Lyndon A. Smith,* Attorney General, *John C. Nethaway,* Assistant Attorney General, and *James H. Hall,* County Attorney, for respondent.

HOLT, J.

The defendant was convicted of selling liquor unlawfully, and appeals from the order denying him a new trial.

The indictment was predicated upon the sale of a pint of beer to one W. A. Barnes on November 6, 1914. The evidence fixed the sale as having taken place in the evening of that day in a warehouse in Marshall, Minnesota, where defendant worked at draying. For some days previous to November 6, Barnes and another person, both in the service of a detective agency, working under the direction of the county attorney, had visited this warehouse. On some of these occasions defendant furnished the detectives drinks. The defendant insists that what-

ever was so furnished by him was not sold, but given in a spirit of sociability and good fellowship, and not with any intent to violate or evade the law. The detectives claim that when first advised by defendant, whom they met at Tracy, that liquor could be had at Marshall, notwithstanding it had voted dry, he told them that the traveling men upon being furnished liquor would throw the money on the floor and defendant would sweep it up. They testified that, when they afterwards drank at the warehouse in Marshall, one or the other would slip money in defendant's pocket, and one testified that at one time he handed the money direct to defendant. Both concede that sometimes defendant treated them, and on cross-examination they admit that their drinking with him might have been regarded as an act of sociability on his part.

There was ample evidence to warrant a finding of guilt. The two assignments of error relating to rulings upon the reception of offered evidence do not merit discussion. Neither the answer allowed, nor the one called for, but excluded, could possibly prejudice defendant. The chief attack is upon the charge and failure to give requested instructions.

The indictment was for violation of section 3109, G. S. 1913, which reads: "Any person who shall sell intoxicating liquors in quantities less than five gallons, or in any quantity to be drunk upon the premises, except as hereinafter provided, is guilty of a misdemeanor, and shall be punished," etc. After stating that the term "sell" as used in this statute includes all barters, gifts and all means of furnishing liquor in violation or evasion of the law, the court said to the jury: "It is not necessary that there should be a formal sale shown in a case of this kind; if it is shown that liquor was furnished in any way, in violation or evasion of the law, then it is a criminal offense." When the charge was finished defendant's counsel requested the court to define what is meant by "in violation or evasion of law." The statute, section 3188, G. S. 1913, construes or gives the meaning of the term "sell" as employed in chapter 16—the law relating to the sale of intoxicating liquors. The court used this definition. It was no doubt designed as a sufficient definition, and we think it is. In attempting to amplify on the plain and simple expression used by the statute, courts would, in all probability, give no better aid to the jury than when they undertake to explain the

phrase "beyond a reasonable doubt" in the statute relating to the proof required to convict in a criminal case.

There was evidence of defendant's good reputation, and the court charged that such evidence should be considered in determining whether defendant was guilty or not. This was immediately followed by this sentence: "The presumption is that a man of good character is less likely to commit crime than one whose character is bad, but if you believe from all the evidence, beyond a reasonable doubt, that the defendant did commit the offense here charged, then it is your duty as jurors to find him guilty, even though the evidence may satisfy you that, prior to and at the time charged, the defendant was a man of good reputation and good character as a law-abiding citizen." No authorities are cited to support the contention that this instruction unnecessarily limited or restricted the good character evidence, and no reason occurs to us for holding the instruction inaccurate or inappropriate.

The court declined to give instructions to the effect that the testimony of detectives and informers is to be closely and carefully scrutinized by the jury. In State v. Bryant, 97 Minn. 8, 105 N. W. 974, the statement is made "that the evidence of detectives and informers is always carefully scrutinized by the courts," but this was said with reference to the impeachment and cross-examination of an informer and not upon the subject of instructing the jury. Without singling out the testimony of any witness, the court told the jury to consider the interest, if any, of the witness in the outcome; his appearance upon the stand; his manner of testifying; his apparent candor or bias; his apparent intelligence or lack of intelligence, "and all other facts and circumstances appearing from the testimony upon the trial and tending either to detract from or to add to the weight to be given to the testimony of any witness." We deem this sufficient to invite the jury's attention to the weakness, if any there be, in the testimony of detectives. It should not be stated to the jury as a proposition of law that the veracity of a witness is to be discredited if he is a detective, or was employed as such in the case.

Counsel earnestly insists error lies in the refusal to give his requested instructions to the effect that if the jury found that the disposition of the liquor by defendant was made simply as a matter of sociability and hospitality, with no intent to effect a sale or violate the law, no crime was

committed. Assuming the law to be as stated in these requests, but not so deciding, we nevertheless must hold that the court committed no prejudicial error in the refusal to so charge the jury. Requested instructions must be pertinent to the issues. The sale, for which defendant was tried and convicted, was of a pint bottle of beer, carried away by Barnes. It was not given in a spirit of hospitality, according to Barnes. And defendant denies that on this occasion any liquor was disposed of, given away, or drunk, either for sociability or any other purpose. It is plain that the instructions which are not applicable to the evidence of either side upon the issue litigated should not be given.

We fail to find error in the record, and nothing therein suggests that defendant has not had a fair trial.

Order affirmed.