STATE v. ARTHUR BOYLAN.[1]

February 21, 1924.

No. 23,741.

**Conviction for sale of intoxicants sustained.**
    1. The evidence sustains the verdict finding the defendant guilty of selling intoxicating liquor.

**Doctrine of entrapment inapplicable.**
    2. Two witnesses purchased the liquor with money furnished by a peace officer. The object was to procure evidence upon which to found a prosecution for selling. Upon the evidence obtained the prosecution was conducted and conviction had. It is *held* that the act of selling was criminal and that the doctrine of entrapment is without application.

[1]Reported in 197 N. W. 281.

Upon information of the county attorney of McLeod county defendant was charged with the offense of selling intoxicating liquor, tried in the district court for that county before Tifft, J., and a jury which found him guilty as charged in the information. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Joseph P. O'Hara*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *William O. McNelly*, County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of selling intoxicating liquor, and appeals from the order denying his motion for a new trial.

1. Two witnesses testify that they bought the liquor of the defendant. They are not contradicted. The evidence sustains the verdict. It need not be detailed. It is enough to say that if we correctly measure its force from the printed record the result should not have been different.

2. The defendant's claim that he was trapped into making the sale has no merit.

The doctrine of entrapment, relieving from acts in form criminal, has a legitimate though narrowly limited application in the criminal law. The thought at the basis of it is that officers of the law shall not incite crime to punish its perpetrator, shall not lead a man into crime, making him a criminal, merely to convict and punish him; or, when the offense involves the nonassent of the person wronged, that the acts of entrapment may constitute assent, and so negative crime. Clark & Marshall, Crimes, 222-228; 1 Bishop, Crim. Law, §§ 255-263; Clark, Crim. Law, 12; 1 Wharton, Crim. Law, § 389; 16 C. J. 88; 1 Brill, Cyc. Crim. Law, §§ 187-189; note, 18 A. L. R. 143, 146-192. But the discovery of crime and the procuring of evidence by deception is not prohibited. A trap may be set.

The two witnesses purchased the liquor with money furnished by a police officer. They were in search of evidence upon which to found a prosecution. All general sales are now prohibited. The

purchaser is not an offender.   It is difficult to conceive a genuine case of improperly trapping one into a sale.   It would be unusual.   There is none here.   To enforce the laws against the sale of liquor there must be detective work and detective evidence.   A sale may be solicited, and the seller be punished for making it.   The law for this state is substantially settled against the application of the doctrine of entrapping in State v. Gibbs, 109 Minn. 247, 123 N. W. 810, 25 L. R. A. (N. S.) 449.   There two police officers purchased liquor unlawfully sold, a claim of entrapment was made, their evidence was received, and a conviction followed.   A conviction may be had on the testimony of those employed to get evidence.   State v. Thorvildson, 135 Minn. 98, 160 N. W. 247; State v. Gesell, 137 Minn. 43, 162 N. W. 683.   And our decisions are in harmony with the authorities.   2 Woolen & Thornton, Intox. Liq. § 707; 16 C. J. 89; note 30 L. R. A. (N. S.) 946; note 18 A. L. R. 162-168.

The claims of the defendant that the bottle of liquor received in evidence was not sufficiently identified as the one sold, that there was error in the charge on reasonable doubt, and that there were errors in rulings on evidence, are mentioned only as an assurance that they have not been overlooked.   There is nothing of substance in them.

Order affirmed.