## ED TODD v. STATE.

No. A-5538.   Opinion Filed May 15, 1926.
(246 Pac. 492.)

R. C. Roland, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   On an information charging that in Carter county, April 1, 1924, Ed Todd did sell one pint of

corn whisky to one Albert Holley for the sum of $2, he was convicted, and in accordance with the verdict of the jury was sentenced to pay a fine of $50 and to be confined in the county jail for 30 days. To reverse the judgment he appeals, and assigns as error that the evidence is insufficient to support the verdict.

Albert Holley testified as follows:

"I bought a pint of whisky from defendant and paid him $2 for it out at his place in the town of Wilson, Carter county, April 1st, about 7 o'clock at night."

On cross-examination he stated that defendant lived about a mile east of Wilson; that he turned the bottle over to D. Bell, deputy sheriff; that he had a special commission from D. Bell, and worked for him for $150 a month; that his home was at Wilburton, and he had a state commission (which he produced) signed by M. E. Trapp, Governor of Oklahoma; that his duties were to carry firearms and enforce the laws of the state of Oklahoma and of the United States; that Mr. Bell made the arrest and received the fees.

D. Bell, deputy sheriff, testified that he had the witness, Holley, working for him, and received from him a pint of corn whisky about April 12th, the time he verified the information; that he did not look to see what the contents of the bottle was. As a part of his cross-examination the return on the warrant was offered, showing fees charged for the service of the same, $36.70.

As a witness in his own behalf Ed Todd testified that he had lived in Carter county 29 years; that he never saw the witness, Holley, until this case was called for trial; that on March 27, 1924, he left home and went to Holliday, Tex., and returned May 29th to see his little girl, who attends the deaf and dumb school at Sulphur.

Leora Todd testified that her husband left for Texas on March 27th, and did not return until May 29th; that

she stayed with the children at their home in Hewitt, but on the 1st day of April she was at her mother's place in Hewitt; that she stayed with her mother, who was sick in the town of Hewitt about two weeks; that she left the doors of her home locked and had the keys with her.

The only evidence against defendant was the uncorroborated testimony of the witness, Holley, and it appears that he was receiving $150 a month from Deputy Sheriff Bell for the sole purpose of spotting violations of the liquor law and making a witness out of himself, and thus secure the additional witness fees. It is a matter of common knowledge that the most potent factor of the dishonest dispensation of justice is the production of untruthful testimony upon the witness stand. Generally speaking, a spotter is not overscrupulous in the truthfulness of his testimony, and such evidence should be viewed with caution, as it may not be entitled to very much credence.

Here it appears that the bottle was not delivered to the deputy sheriff until about 12 days later than the alleged sale, and it appears that the witness, Holley, was not certain as to whether defendant lived in the town of Wilson or some other place.

The testimony of defendant and his wife is positive that he had left home several days before the date alleged. The state was at liberty to show by testimony other than Holley's that defendant was in Carter county at the time, which it did not attempt to do.

Ordinarily the credibility of witnesses and contradictions and inconsistencies are for the jury, but here we cannot say that there is such fair conflict as prevents in-interference with the finding of the jury that the testimony of Holley was shown beyond reasonable doubt to be true.

Adhering to the rule that a person accused of crime

shall be presumed to be innocent until proven guilty by credible and sufficient evidence, we reach the conclusion that the verdict in this case is clearly against the weight of the evidence and is insufficient to sustain the conviction.

The judgment is accordingly reversed.

BESSEY, P. J., and EDWARDS, J., concur.