## STATE v. BARBARA NICKOLAY.[1]

November 27, 1931.

No. 28,685.

*David J. Smilow* and *John Ott*, for appellant.

*Henry N. Benson*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Roy C. Frank*, County Attorney, for the state.

HOLT, J.

Defendant appeals from the order denying her a new trial after verdict finding her guilty of having unlawfully sold a pint of intoxicating liquor to Harvey Rice on March 15, 1930, in Le Sueur county, Minnesota.

The only question raised is the sufficiency of the evidence to sustain the verdict. The appeal is not based upon any mere technicality such as omission to prove that the alleged sold liquor, produced in court, was potable, or was intoxicating, or was the same article purchased, or that it was so purchased in Le Sueur county; but the proposition urged is that the evidence does not show beyond a reasonable doubt that defendant sold or furnished intoxicating liquor to Harvey Rice on the date charged. It is conceded that Harvey Rice testified positively that on the evening of March 15, 1930, he entered the defendant's home and asked to buy a pint of

[1] Reported in 239 N. W. 226.

moonshine whisky; that thereupon defendant produced the pint bottle offered in evidence as an exhibit; and that defendant charged and witness paid two dollars therefor. In court the witness smelled and tasted the liquor so purchased and pronounced it moonshine whisky. But it is vigorously asserted that the jury could not accept Harvey Rice's testimony as true, he being a detective hired to procure evidence of violation of the liquor laws and there being positive testimony, not only by defendant but by other witnesses present, that instead of furnishing liquor defendant refused and did neither sell nor furnish any liquor whatever to Rice or his companion. Furthermore, an information charging defendant with a sale on the 19th of March, 1930, was also filed; and by agreement of the parties the trial thereof was consolidated with the trial upon the information charging defendant with the sale four days prior. Separate verdicts were returned. As to the charge on the 19th of March, the verdict was not guilty. The argument now is that, since Harvey Rice's testimony as to the sale on the 19th was false, so found by the jury, his uncorroborated testimony cannot be legally adequate to sustain the verdict upon the prior charge.

The question of the two alleged sales was one of fact for the jury. It is readily seen that the jury could entertain a reasonable doubt as to the sale on the 19th from the fact that defendant denied meeting Rice on that day, fortified, as she was, by other testimony that she left on the train for a business trip to Minneapolis at six o'clock in the morning, staying until late in the evening, whereas Rice testified that he did not go to defendant's house until about eight o'clock in the morning. In respect to the sale four days before, the jury could regard the proof of guilt more satisfactory, in that defendant and her witnesses admitted that Rice called for the purpose, as he testified, of buying whisky. So there is in a measure corroboration, if such were needed, in order to sustain a conviction upon the testimony of a hired detective. But in this state it is not the law that a hired detective's testimony alone is not adequate proof of guilt. It is true that in State v. Bryant, 97 Minn. 8, 10, 105 N. W. 974, it was said arguendo "that the evidence

of detectives and informers is always carefully scrutinized by the courts"; but that was not said with reference to the question whether testimony from such source would alone support a conviction. In considering the language quoted, we concluded, in State v. Meyers, 132 Minn. 4, 7, 155 N. W. 766, 767:

"It should not be stated to the jury as a proposition of law that the veracity of a witness is to be discredited if he is a detective, or was employed as such in the case."

What is said in State v. Boylan, 158 Minn. 263, 197 N. W. 281, with regard to entrapment, and the authorities there cited, make clear that the jury could well find defendant guilty if satisfied that the testimony of Rice was true that he purchased the liquor, produced at the trial, of defendant at her house on March 15, 1930.

In State v. Thorvildson, 135 Minn. 98, 160 N. W. 247, the sole witness for the state was, as here, a private detective employed by the county attorney. The sole witness for the defense was the defendant. The conviction was sustained. It may be said that the record here shows that another hired detective was with Rice when the sales were made in March, 1930; but when the trial was had in February, 1931, that detective was on the west coast and not within the jurisdiction of the court.

Although defendant was corroborated by her servant and his son that she refused to sell and did not sell Rice liquor on March 15, we cannot hold as a matter of law that the verdict is manifestly contrary to the evidence and hence contrary to law. See State v. Bachmeyer, 167 Minn. 520, 208 N. W. 995, and cases therein cited. Of the cases cited by defendant for her contention that the jury could not convict upon the testimony of a paid detective, the strongest for her is Todd v. State, 34 Okl. Cr. 256, 246 P. 492. The fact in that case was that the testimony of a paid detective was not corroborated, as here, by the defendant's testimony that he met the defendant at the time in question; but there was overwhelming and certain testimony that at such time the defendant had left the state for Texas and did not return until weeks later. There were other weaknesses in the state's proof; and the court, we think, right-

ly concluded that the evidence did not measure up to the law's demand for a conviction.

In the present case we are of opinion that the evidence must be held sufficient to support the verdict.

The order is affirmed.