## CITY OF DULUTH v. ANTHONY VERDI.[1]

June 24, 1932.

No. 29,004.

*Max E. Goldberg,* for appellant.

*Bert W. Forbes* and *John F. Ball,* for respondent.

HILTON, J.

Defendant was convicted of the offense of unlawfully transporting intoxicating liquor in violation of an ordinance of the city of Duluth. He was tried in municipal court, found guilty, and sentenced to serve 85 days at the county work farm of St. Louis county. From the judgment of conviction he appeals.

The assignments of error are three in number: (1) Errors of law occurring at the trial and excepted to at the time; (2) that the verdict is not justified by the evidence; and (3) that the verdict is contrary to law. There is no recital or specification of the errors of law referred to in the first assignment; the assignment is not sufficient.

The comment of the trial court that the case was about as flagrant a one as it could conceive of—defendant "caught red-handed," —was more than justified by the evidence.

Defendant was the manager of a cafe and place where people were accustomed to dance. On the stand he admitted the trans-

[1]Reported in 243 N. W. 394.

portation of the liquor. He testified that he was called on the telephone at eight o'clock in the evening by one who said she was Myrtle Benson (an acquaintance of his whose voice he thought he recognized).

That she said: "Do you know where I could get some alcohol?"

That he replied: "You know well enough yourself I don't handle it."

To which she responded: "Yes, I know that very well, but maybe you know where I can get it."

That he replied: "I know a few friends who might have some, I will try my best for you."

He further testified that she said: "I am having a gang up at my house tonight, and if you could help me out I will appreciate it a whole lot."

That after his promise she said: "Later in the evening I will bring the whole gang down and return the favor."

Defendant testified: "So I figured it was a little business for myself."

Defendant admitted that he went to a bootlegger from whom he had obtained liquor before for his own use and got from him a gallon of alcohol, for which he promised to secure ten dollars from Miss Benson and turn the same over to the bootlegger. While taking the gallon of alcohol (covered up with an overcoat) in the car which he was driving, the defendant was apprehended by police officers of Duluth.

At the trial, in the examination of the police officers, defendant asked certain questions which had for their object an attempt to show that such officers had set a trap for defendant. Objections to the questions were sustained. Even if these rulings were before us for consideration, on the record they were proper. Discovery of crime and procuring of evidence by deception is not prohibited in this state. A trap may be set. State v. Boylan, 158 Minn. 263, 197 N. W. 281, and cases cited; State v. Nickolay, 184 Minn. 526, 528, 239 N. W. 226. Defendant cites Butts v. U. S. (C. C. A.) 273

F. 35, 18 A. L. R. 143, and O'Brien v. U. S. (C. C. A.) 51 F. (2d) 674, the latter a conspiracy case. It and the former are both clearly distinguishable on the facts from the case at bar, even if the United States rule were to be followed in this state, which it is not.

Judgment affirmed.