2006 ND 63

**STATE of North Dakota, Plaintiff and Appellee**

v.

**David STAVIG, Defendant and Appellant.**

**No. 20050278.**

Supreme Court of North Dakota.

March 29, 2006.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Loren C. McCray, Bismarck, ND, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] David Stavig appeals a district court order amending his criminal judgment for a second time. The court's order extended his probation for a third time and required him to pay restitution. We reverse, holding that a defendant who is sentenced to a period of probation and ordered to pay restitution may have his probation extended for only one additional period.

## I

[¶ 2] In October 1996, Stavig pled guilty to theft of property. He was sentenced to five years' probation and to pay restitution of $22,700 in monthly payments to be decided by his probation officer on the basis of his ability to pay. In March 1997, Stavig's probation was revoked because he failed to turn over a lump sum insurance settlement as restitution. His criminal judgment was amended. He was sentenced to five years' imprisonment, with two years suspended for three years following his release from prison, and to pay the restitution as previously ordered. While still on probation in January 2003, he voluntarily requested, and the district court granted, a probation extension of two years so he could pay restitution.

[¶ 3] In December 2004, the State petitioned for revocation of Stavig's probation, claiming that he had not paid the total amount of restitution. According to Stavig, he and the State stipulated on the record at the probation revocation hearing that Stavig had made monthly payments under the probation officer's plan and that the only issue before the court was the total unpaid restitution. The district court concluded, "the Defendant has violated the terms of his probation by failing to make the payments as requested by his Probation officer." The court revoked his probation, extended his probation for another five years, and ordered him to pay restitution in monthly payments to be decided by his probation officer on the basis of his ability to pay.

[¶ 4] On appeal, Stavig argues that in light of his stipulation with the State, the district court clearly erred by revoking his probation for not making payments as requested by his probation officer. He also argues that the district court abused its discretion by extending probation for an-

other five years. The State argues the district court's order was proper.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 29–28–06.

## II

[¶ 6] This Court applies a two-step process when reviewing a revocation of probation. *State v. Causer,* 2004 ND 75, ¶ 30, 678 N.W.2d 552, *cert. denied,* 543 U.S. 906, 125 S.Ct. 139, 160 L.Ed.2d 182 (2004). First, we review whether the defendant violated his or her probation under a clearly erroneous standard. *Id.* at ¶ 31. "A finding of fact is clearly erroneous if, although there may be some evidence to support it, the reviewing court on the entire evidence, is left with a definite and firm conviction a mistake has been made." *Id.* Second, we review whether the district court abused its discretion by revoking the defendant's probation. *Id.* at ¶ 32. "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *Id.*

## A

[¶ 7] Stavig argues the district court clearly erred when it found he had violated his probation by failing to pay restitution as his probation officer requested because the State and he stipulated that he had made payments as requested by his probation officer. The State argues the district court did not err because its petition alleged Stavig failed to pay the total restitution and he conceded this failure at the hearing.

[¶ 8] The criminal judgment and first amended criminal judgment conditioned Stavig's probation on payment of $22,700

restitution at a monthly rate determined by his probation officer on the basis of his ability to pay. The State's petition for revocation alleged Stavig had not paid the total amount of restitution. At the probation revocation hearing, Stavig conceded he had not paid the total amount of restitution ordered. The parties stipulated, however, that Stavig had paid restitution according to his probation officer's plan and that the only issue pertaining to the alleged probation violation was the total amount of restitution that remained unpaid. The State limited the hearing to the amount of unpaid restitution remaining. The district court's order states, however, "the Court hereby determines that the Defendant has violated the terms of his probation by failing to make the payments as requested by his Probation officer. The Defendant's probation is revoked."

[¶ 9] The district court's order is directly contrary to the stipulation the parties had agreed to on the record: Stavig had paid restitution as ordered by his probation officer. The only issue remaining before the district court was whether Stavig had violated his probation by failing to pay the total amount of restitution. On the record before us, we are convinced the district court clearly erred when it concluded Stavig violated his probation "by failing to make the payments as requested by his Probation officer." The district court's order revoking Stavig's probation is reversed.

## B

[¶ 10] Our decision above does not resolve the issue of whether Stavig has violated his probation by failing to pay the total amount of restitution owed. The record reflects that some restitution remains unpaid. One could argue that remand is required so the district court may decide the issue. Stavig, however, has already served three different probation periods: two imposed by the district court and one that he volunteered for. This circumstance begs the question, can Stavig's probation be extended for a fourth time? If his probation cannot be extended again, we would have no reason to remand the case. Therefore, we must decide whether Stavig's probation could be extended again if we remand the case to the district court.

[¶ 11] Probation ordered in a felony case may not extend longer than five years. N.D.C.C. § 12.1–32–06.1(1). This period may be extended, however, when a defendant has been ordered to pay restitution:

> If the defendant has pled or been found guilty of an offense for which the court imposes a sentence of restitution or reparation for damages resulting from the commission of the offense, the court may, following a restitution hearing pursuant to section 12.1–32–08, impose an additional period of probation not to exceed five years.

N.D.C.C. § 12.1–32–06.1(2).

[¶ 12] Statutory interpretation is a question of law, fully reviewable on appeal. *State v. Norman*, 2003 ND 66, ¶ 14, 660 N.W.2d 549. When interpreting a statute, our primary goal is to ascertain the Legislature's intent. *Id.* We first look to the language of the statute to ascertain its intent. N.D.C.C. § 1–02–02. If the intent is ambiguous, we may consult extrinsic aids, such as legislative history. N.D.C.C. § 1–02–39.

[¶ 13] Usually when interpreting a statute, "[w]ords used in the singular number include the plural and words used in the plural number include the singular, except when a contrary intention plainly appears." N.D.C.C. § 1–01–35. Under this interpretation rule, "an additional period of probation" would be construed to

mean "additional periods of probation," allowing for multiple additional periods, unless the legislature had a contrary intent. Therefore, the legislature's use of "an" in this statute is ambiguous because the statute could be reasonably interpreted as providing for only one additional period of probation or could be interpreted as providing for multiple additional periods of probation. The two interpretations are both rational, but inconsistent, and thus ambiguous. *See Shiek v. N.D. Workers Comp. Bureau,* 2002 ND 85, ¶ 12, 643 N.W.2d 721 ("A statute is ambiguous if it is susceptible to meanings that are different, but rational."). Therefore, we look to the legislative history of N.D.C.C. § 12.1–32–06.1(2) to resolve the ambiguity.

[¶ 14] The North Dakota Legislative Assembly first enacted N.D.C.C. § 12.1–32–06.1 in 1989. 1989 N.D. Sess. Laws ch. 158, § 3. Subsection 2 was added to N.D.C.C. § 12.1–32–06.1 in 1995. 1995 N.D. Sess. Laws ch. 137, § 1. The legislative history to N.D.C.C. § 12.1–32–06.1(2) reflects the legislature's intent when it enacted the statute. When the bill was heard before to the House and Senate Judiciary Committees, Representative Lyle L. Hanson explained the bill would add five more years of probation to the five years the court could already impose for a felony, extending the total possible probation to ten years. *Hearing on H.B. 1223 Before the H. Judiciary Comm.,* 54th Legis. Sess. (Jan. 16, 1995) (testimony of Lyle L. Hanson, Rep.); *Hearing on H.B. 1223 Before the S. Judiciary Comm.,* 54th Legis. Sess. (Mar. 6, 1995) (testimony of Lyle L. Hanson, Rep.). Testimony for the bill supports the interpretation that the statute imposes only one additional period of probation, not to exceed five years:

> The proposed legislation allows the court to impose an additional period of probation not to exceed five years if it imposes a sentence of restitution or rep-

aration for damages resulting from the offense.

. . . .

> Current law allows the court to impose an additional period of probation not to exceed five years only when a felony probation is revoked.

*Hearing on H.B. 1223 Before the S. Judiciary Comm.,* 1995 Legis. Sess. (Mar. 6, 1995) (testimony of Warren R. Emmer, Director, Division of Parole and Probation).

[¶ 15] The language of N.D.C.C. § 12.1–32–06.1(2) is identical to N.D.C.C. § 12.1–32–06.1(5), which provides, "the court may impose an additional period of probation not to exceed five years." Section 12.1–32–06.1(5) was part of the original enactment of Section 12.1–32–06.1 in 1989. *See* 1989 N.D. Sess. Laws ch. 158, § 3 (section 12.1–32–06.1(5) was section 12.1–32–06.1(3) when originally enacted). The legislative history for N.D.C.C. § 12.1–32–06.1(5) clarifies that the legislature intended probation be extended for only one additional period, not to exceed five years. The bill summary, prepared for the legislature by the Legislative Council, states, "The bill establishes the *maximum periods* of probation that may be imposed in conjunction with a sentence to probation, or a suspended execution or deferred imposition of sentence." *Bill Summary for H.B. 1052,* 51st Legis. Sess. (Mar. 21, 1989) (emphasis added).

[¶ 16] The legislative history of N.D.C.C. § 12.1–32–06.1(2) reflects that "an additional period of probation not to exceed five years" was to mean one additional period of probation. We conclude the "maximum periods" discussed for N.D.C.C. § 12.1–32–06.1(5) means two probation periods. The other interpretation would permit unlimited extensions of probation, contrary to the legislative history

that reflects the legislature intended the maximum length of probation to be ten years. We hold that under N.D.C.C. § 12.1–32–06.1(2), the district court may impose only one additional period of probation not to exceed five years.

[¶ 17] Stavig has served the two probation periods provided by the statute. His first probation was in October 1996 when he pled guilty to theft of property. That probation was revoked in March 1997. He was sentenced to five years' imprisonment, with two years suspended for three years following his release from prison. After his release from prison, he served three years probation, his second probationary period. He also voluntarily extended his probation for another two years so he could continue to pay restitution. Thus, the court has already placed Stavig on probation twice. He has served the two probation periods allowed by N.D.C.C. § 12.1–32–06.1(2) and cannot be ordered to another period of probation.

### III

[¶ 18] The district court's order, revoking Stavig's probation and extending probation for five years, and the court's second amended criminal judgment are reversed.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.