2006 ND 158

**CITY OF BISMARCK, Plaintiff and Appellee**

v.

**Kylie DePRIEST, Defendant and Appellant.**

**City of Bismarck, Plaintiff and Appellee**

v.

**Jeffrey Kirby, Defendant and Appellant.**

**City of Bismarck, Plaintiff and Appellee**

v.

**Deidre Handtmann, Defendant and Appellant.**

Nos. 20060070, 20060071, 20060072.

Supreme Court of North Dakota.

July 18, 2006.

Rehearing Denied Aug. 16, 2006.

Paul H. Fraase, Assistant City Attorney, Bismarck, ND, for plaintiff and appellee.

Justin J. Vinje (argued), appearing under the rule on the limited practice of law by law students, and Ralph A. Vinje (appeared), Vinje Law Firm, Bismarck, ND, for defendants and appellants.

VANDE WALLE, Chief Justice.

[¶ 1] Kylie DePriest, Jeffrey Kirby, and Deidre Handtmann (Appellants) appeal from judgments of conviction entered by the district court. The Appellants were charged with sale or delivery of alcoholic beverages to a person under 21 years of age in Bismarck Municipal Court. The Appellants moved to dismiss the charges and the municipal court denied their motions. The Appellants entered conditional guilty pleas contingent on their right to appeal the municipal court decision to the district court. The district court issued an order denying the Appellants' motions to dismiss the charges. The Appellants each filed a Motion for Reconsideration with the district court and those motions were also denied. The Appellants entered conditional guilty pleas. We affirm.

## I

[¶ 2] The Bismarck Police Department initiated an alcohol compliance check program in an attempt to discourage the sale of alcoholic beverages to persons under 21 years of age. The plan provided that a volunteer under 21 years of age would enter a licensed liquor establishment under the supervision of a plain-clothed police officer and attempt to purchase an alcoholic beverage. The volunteers were instructed to show their real identification upon request, or, if asked their age, to state their real age, and to pay for the alcoholic beverage, if served. The volunteers were also instructed to leave the beverage unused in a bar or deliver it to a police officer upon leaving an off-sale liquor establishment.

[¶ 3] After compliance checks conducted in April of 2005, the Appellants were charged with class A misdemeanors for the sale or delivery of alcoholic beverages to a person less than 21 years of age. On appeal, the Appellants raise as an issue the denial of their motions to dismiss the charges and their motions for reconsideration.

## II

[¶ 4] The Appellants rely heavily on one of our past cases wherein this Court held entrapment as a matter of law could be established by demonstrating that law enforcement officers used unlawful means to induce a crime. *State v. Kummer*, 481 N.W.2d 437, 442 (N.D.1992). The Court stated that where law enforcement officers themselves violate the law in order to induce a crime, they employ unlawful means. *Id.*

[¶ 5] In *Kummer*, the Court focused on the conduct of the law enforcement agents involved. *Id.* at 443. There, law enforcement officials planned a reverse sting operation, arranging for an informant to make a sale of drugs to a targeted individual. *Id.* at 438. The law enforcement officials conducting the sting operation obtained the drugs, without authorization from supervisory personnel, from the evidence room at the police department. *Id.* at 439. The illegally obtained drugs were given to the informant to make the sale to the targeted individual. *Id.* The Court stated "conduct by a public officer is not justified unless it is 'required or authorized by law.'" *Id.* at 443. The Court found no statutory authority authorizing police officers to take controlled substances, which were confiscated in previous drug prosecutions, from evidence rooms to be used as bait in sting operations. *Id.* Since the police conduct at issue was not authorized by law, a majority of the Court found the defendant established entrapment as a matter of law. *Id.* at 443–44.

[¶ 6] Section 5–01–08, N.D.C.C., prohibits persons under 21 years of age from purchasing alcohol, attempting to purchase alcohol, and entering premises where alcoholic beverages are sold. The Appellants argue because the persons under 21 involved in the compliance checks do not fit under any of the exceptions allowing minors to enter bars and liquor stores, law enforcement officers used unlawful means to conduct these compliance checks by violating N.D.C.C. § 5–01–08. The Appellants argue that because law enforcement officers violated the law by conducting the compliance checks, the Appellants were entrapped as a matter of law and their convictions should be reversed.

[¶ 7] The district court held the provision in N.D.C.C. § 5–02–06(3), allowing persons under 21 years of age to enter and remain in licensed liquor establishments "if the person enters the licensed premises for training, education, or research purposes under the supervision of a person twenty-one or more years of age with prior

notification of the local licensing authority," although not expressly providing law enforcement the authority for these compliance checks, does not categorize these compliance checks as outrageous police conduct. Therefore, the court concluded the police conduct in conducting these compliance checks did not constitute entrapment. N.D.C.C. § 5–02–06(3). The record provides no evidence law enforcement officials were conducting these compliance checks for "training, education, or research purposes" in the ordinary meaning of those terms and we believe N.D.C.C. § 5–02–06(3) does not apply to this factual situation nor control our resolution of this matter.

[¶ 8] Rather, we believe this matter is governed by N.D.C.C. § 12.1–05–02(4), which provides in part:

> Conduct engaged in by an individual at the direction of a public servant, known by that individual to be a law enforcement officer, to assist in the investigation of a criminal offense is justified unless the individual knows or has a firm belief, unaccompanied by substantial doubt, that the conduct is not within the law enforcement officer's official duties or authority.

■ [¶ 9] The Appellants argue the underage individuals used in these compliance checks were not assisting in the investigation of a criminal offense while the City argues this provision provides authority for law enforcement to use underage individuals in these compliance checks because they are assisting in the investigation of a criminal offense. The language of a statute is ambiguous if it is susceptible to differing, but rational, meanings. *Security State Bank v. Orvik*, 2001 ND 197, ¶ 9, 636 N.W.2d 664. Because the language of the statute does not make clear what the Legislature intended by assisting in the investigation of a criminal offense,

we may consult extrinsic aids, such as legislative history, to ascertain the Legislature's intent. N.D.C.C. § 1–02–02; N.D.C.C. § 1–02–39; *see also State v. Stavig*, 2006 ND 63, ¶ 12, 711 N.W.2d 183 (stating where the intent is ambiguous the Court may consult extrinsic aids, such as legislative history, to ascertain the Legislature's intent).

[¶ 10] The legislative history of. this statutory provision contains ample testimony showing the intent of this provision was to allow persons under 21 years of age to be used in alcohol compliance checks. *Hearings on H.B. 1453 Before the House Judiciary Committee and Senate Judiciary Committee*, 57th Legis. Sess. (Jan. 31, 2001, and Mar. 7, 2001). The legislative history reveals the provision was intended to .give law enforcement agencies the ability to legally use persons under 21 to conduct alcohol compliance checks without the need to deputize the individuals. *Hearings on H.B. 1453, supra.*

[¶ 11] During a hearing discussing House Bill 1453, Representative Disrud stated there was a need to use people under 21 to help "crack down" on liquor establishments who were serving minors. *Hearing on H.B. 1453 Before the House Judiciary Committee and Senate Judiciary Committee*, 57th Legis. Sess. (Senate Judiciary Committee Hearing on Mar. 7, 2001). An Assistant Attorney General testified "[e]ffective law enforcement requires the assistance of the public" and this law would ensure "that citizens can help law enforcement officials without undergoing public attacks or allegations that they are criminals or felons." *Hearing on H.B. 1453 Before the House Judiciary Committee and Senate Judiciary Committee*, 57th Legis. Sess. (Mar. 7, 2001) (testimony of Robert P. Bennett, Assistant Attorney General). A Fargo Police Officer testified in support of the bill stating in some cir-

cumstances, "like the sale of alcohol to minors, police need to utilize 18–20 year old adults to attempt to purchase alcohol from the liquor retailers." *Hearing on H.B. 1453 Before the House Judiciary Committee and Senate Judiciary Committee*, 57th Legis. Sess. (Mar. 7, 2001) (testimony of Ross Renner, Sergeant with the Fargo Police Department). Officer Renner went on to say "[p]assage of this bill doesn't require compliance checks be done, it just provides the protection necessary to do them in a lawful manner." *Hearing on H.B. 1453, supra* (testimony of Ross Renner, Sergeant with the Fargo Police Department). The statute was intended to provide the protection necessary to conduct these types of compliance checks in a lawful manner. *Hearings on H.B. 1453, supra.*

[¶ 12] Therefore, although N.D.C.C. § 5–01–08 prohibits persons under 21 years of age from purchasing alcohol, attempting to purchase alcohol, and entering premises where alcoholic beverages are sold, law enforcement officials did not violate the law when conducting these compliance checks because N.D.C.C. § 12.1–05–02(4) gives law enforcement officials the authority to use persons under 21 years of age for this purpose. Because N.D.C.C. § 12.1–05–02(4) authorizes the law enforcement conduct in conducting compliance checks, law enforcement officials did not use unlawful means to induce a crime and the defense of entrapment is unavailable to the Appellants.

[¶ 13] In reaching our decision, we have relied on the plan of action contained in the statutory scheme. It is the Legislature's decision whether or not, as a matter of public policy, to allow law enforcement officials to conduct alcohol compliance checks in this manner. The Legislature has decided to allow this conduct by enacting N.D.C.C. § 12.1–05–02(4).

[¶ 14] Nevertheless, our decision is also in accord with decisions of several other jurisdictions which have rejected the entrapment defense where law enforcement officials have used underage individuals in conducting compliance checks. *See Roberts v. Illinois Liquor Control Comm.*, 58 Ill.App.2d 171, 206 N.E.2d 799 (1965) (holding the entrapment defense is unavailable where underage decoys simply request to buy liquor); *Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.*, 7 Cal.4th 561, 28 Cal.Rptr.2d 638, 869 P.2d 1163 (1994) (using underage decoys to conduct compliance checks is not entrapment because sellers merely have to check a decoy's identification to avoid illegal activity); *Bartlett v. Ala. Alcoholic Beverage Control Bd.*, 654 So.2d 1139 (Ala.1993) (using minors to conduct compliance checks was not only proper and within the laws of Alabama but was probably the most effective manner of regulating and enforcing the laws prohibiting minors from purchasing alcohol). In criminal cases arising out of liquor sales to minors, "the doctrine of entrapment has frequently been held not to be established when the police did no more than to employ a minor as a decoy and to place him under surveillance while he requested the sale of an intoxicant." *Medley v. Maryville City Beer Bd.*, 726 S.W.2d 891, 893 (Tenn.1987); *see also State v. Boylan*, 158 Minn. 263, 197 N.W. 281 (1924); *State v. Parr*, 129 Mont. 175, 283 P.2d 1086 (1955).

III

[¶ 15] We affirm.

[¶ 16] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.