Filed 7/12/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 139

City of Lincoln, Plaintiff and Appellee

v.

Matthew Johnston, Defendant and Appellant

No. 20120068

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Jaclyn M. Stebbins (on brief), City Prosecutor, 400 East Broadway Avenue, Suite 302, P.O. Box 4126, Bismarck, N.D. 58502-4126, for plaintiff and appellee.

Robert V. Bolinske, Jr. (on brief), 402 East Main, Suite100, Bismarck, N.D. 58501, for defendant and appellant.

City of Lincoln v. Johnston

No. 20120068

 

Sandstrom, Justice.

[¶1] Matthew Johnston appeals from a criminal judgment after he conditionally pled guilty to driving a vehicle under the influence of intoxicating liquor.  He argues a bicycle is not a “vehicle” under N.D.C.C. § 39-08-01.  Concluding a bicycle is considered a “vehicle” under N.D.C.C. § 39-08-01, we affirm.

 

I

[¶2] On August 16, 2011, the City of Lincoln charged Johnston with driving under the influence of intoxicating liquor after a police officer arrested him for driving his bicycle into a parked vehicle while he was under the influence of intoxicating liquor.  Johnston moved to transfer the case from municipal court to district court, and the municipal court granted his motion.  Johnston then moved to dismiss the charge, arguing a bicycle is not considered a “vehicle” under N.D.C.C. § 39-08-01.  The district court denied Johnston’s motion, and after a hearing to reconsider the motion, the court again denied it.  Johnston conditionally pled guilty to the charge, reserving his right to have this Court review whether a bicycle is considered a “vehicle” for the purposes of driving under the influence of intoxicating liquor.  
See
 N.D.R.Crim.P. 11(a)(2).

[¶3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Johnston timely appealed from the criminal judgment under N.D.R.App.P. 4(b).  We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29-28-06.

 

II

[¶4] Johnston argues a bicycle moved by human power is not a “vehicle” under N.D.C.C. § 39-08-01.

[¶5] The interpretation of a statute is a question of law, which we review de novo.  
State v. Stavig
, 2006 ND 63, ¶ 12, 711 N.W.2d 183.  A question of law is fully reviewable on appeal.  
Id.
  Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears.  N.D.C.C. § 1-02-02.  Statutes are construed as a whole and are harmonized to give meaning to related provisions.  N.D.C.C. § 1-02-07.  If the language of a statute is clear and unambiguous, the letter of the statute may not be disregarded under the pretext of pursuing its spirit.  N.D.C.C. § 1-02-05.  If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to resolve the ambiguity.  N.D.C.C. § 1-02-39.

[¶6] Johnston argues a person riding a human-powered bicycle cannot be charged with driving a vehicle under the influence of intoxicating liquor under N.D.C.C. § 39-

08-01(1), which provides, in part:

A person may not drive or be in actual physical control of any 
vehicle
 upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

a. That person has an alcohol concentration of at least eight one-

hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle.

b. That person is under the influence of intoxicating liquor.

(Emphasis added.)  In support of his argument, Johnson relies on the definition of “vehicle” under N.D.C.C. § 39-01-01(95), which provides:  “‘Vehicle’ includes every device in, upon, or by which any person or property may be transported or drawn upon a public highway, 
except devices moved by human power
 or used exclusively upon stationary rails or tracks.”  (Emphasis added.)

[¶7] The City of Lincoln responds the legislature intended a bicycle to be considered a “vehicle” under N.D.C.C. § 39-08-01 because N.D.C.C. § 39-07-01 provides:  “For the purposes of chapters 39-08 through 39-13, 
a bicycle
 or a ridden animal 
must be deemed a vehicle
.”  (Emphasis added.)

[¶8] Johnston argues N.D.C.C. § 39-01-01(95), which excludes “devices moved by human power” from the definition of “vehicle,” conflicts with N.D.C.C. § 39-07-01, which deems a bicycle a “vehicle” under N.D.C.C. ch. 39-08.  Johnston cites several cases articulating our procedure for interpreting conflicting statutory provisions.  
See, e.g.
, 
City of Bismarck v. Fettig
, 1999 ND 193, ¶ 14, 601 N.W.2d 247 (“[W]hen two statutes relating to the same subject matter appear to be in conflict, they should whenever possible be construed to give effect to both if such can be done without doing violence to either.”); 
Haff v. Hettich
, 1999 ND 94, ¶ 34, 593 N.W.2d 383 (“When there is a conflict between statutes, we construe specific statutes to control general statutes.”); 
City of Fargo v. State
, 260 N.W.2d 333, 338 (N.D. 1977) (“[I]f an irreconcilable conflict exists between two statutes, the one which is enacted later will prevail.”); 
State v. Beciraj
, 2003 ND 173, ¶ 14, 671 N.W.2d 250 (“Criminal statutes are strictly construed in favor of the defendant and against the government.”).

[¶9] Section 39-07-01, N.D.C.C., and N.D.C.C. § 39-01-01(95), however, do not conflict with one another.  Under the introductory language of N.D.C.C. § 39-01-01, the definition of “vehicle” under N.D.C.C. § 39-01-01(95) is to be used in title 39 “unless the context or subject matter otherwise requires.”  In this case, under the introductory language of N.D.C.C. § 39-01-01(95), “the context or subject matter otherwise requires” a deviation from the general definition of “vehicle” under N.D.C.C. § 39-01-01(95) because a separate, more specific statute, N.D.C.C. § 39-

07-01, deems a bicycle a “vehicle” “[f]or the purposes of chapters 39-08 through 39-

13[, N.D.C.C.]”  Because Johnston’s argument is concerned with whether a bicycle is considered a “vehicle” under a section of N.D.C.C. ch. 39-08—specifically, N.D.C.C. § 39-08-01—we conclude the legislature’s deeming a bicycle a “vehicle” under N.D.C.C. § 39-07-01 includes a “vehicle” under N.D.C.C. § 39-08-01.

[¶10] In addition, although N.D.C.C. § 39-01-01(95) and N.D.C.C. § 39-07-01 are not in conflict with one another, even if they were, the specific statute, N.D.C.C. § 39-07-01, would control over the general statute, N.D.C.C. § 39-01-01(95).  
See
 N.D.C.C. § 1-02-07.

[¶11] The legislative history of N.D.C.C. § 39-01-01(95) and N.D.C.C. § 39-07-01 confirms our analysis, and a review of the history establishes N.D.C.C. § 39-07-01 is a derivation of N.D.C.C. § 39-01-01(95).  When the legislature enacted what is now N.D.C.C. § 39-01-01 in 1927, the language now found in N.D.C.C. § 39-07-01 was originally part of N.D.C.C. § 39-01-01.  
See
 1927 N.D. Sess. Laws ch. 162, § 1.  At the time of its enactment, what is now N.D.C.C. § 39-01-01 defined “vehicle” as:  “Every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks; 
provided, that for the purposes of this act, a bicycle or ridden animal shall be deemed a vehicle.
”  
Id.
 (emphasis added).

[¶12] In 1943, the legislature amended what is now N.D.C.C. § 39-01-01 by removing the language:  “provided, that for the purposes of this act, a bicycle or ridden animal shall be deemed a vehicle.”  
See
 N.D.R.C. ch. 39-0101 (1943).  According to the Reviser’s Note to 39-0101 of the 
Code Revision Report Covering Work of the Code Revision Commission
 during the 28th Legislative Assembly, the legislature removed that portion of language from what is now N.D.C.C. § 39-01-01 and instead included it “in the chapter on Highway Traffic Regulations.”  A review of chapter 39-07, governing “General Regulations Governing Traffic,” in the 
Code Revision Report Covering Work of the Code Revision Commission
 shows the legislature inserted the language, “[f]or the purposes of chapter 8 to chapter 13, inclusive, of this title, a bicycle or a ridden animal shall be deemed a vehicle,” into a newly-created statute that is now N.D.C.C. § 39-07-01.  
See also
 N.D.R.C. ch. 39-

0701 (1943).  The Reviser’s Note to 39-0701 of the 
Code Revision Report Covering Work of the Code Revision Commission
 states:  “This section is S.L. 1927, c. 162, s. 1, subs. a, revised for separate statement without change in meaning.”  The legislature separated what is now N.D.C.C. § 39-07-01 from what is now N.D.C.C. § 39-01-01 because “a bicycle or a ridden animal shall be deemed a vehicle” only for the purposes of N.D.C.C. chapters 39-08 through 39-13.  By contrast, the definitions included under what is now N.D.C.C. § 39-01-01 apply to all the chapters in title 39.  The Reviser’s Note to 39-0101 of the 
Code Revision Report Covering Work of the Code Revision Commission
 sets forth the legislature’s intent in 1943 when it amended what is now N.D.C.C. § 39-01-01 and created what is now N.D.C.C. § 39-

07-01, providing, in part:

This section is organized with the idea in mind of eliminating repetitious material by doing away with the necessity of repeating definitions.  In some of the uniform acts dealt with in this title, the same term is defined over and over again, as the term “vehicle” or “motor vehicle.”  To preclude the necessity of repeating such definitions over and over again in each chapter, we have taken definitions general to the entire title and placed them in a section and made them applicable to the entire title.  Definitions peculiar to one chapter only . . . are retained in such chapter, as such definitions pertain only to such subject matter and to make such definitions general in effect, may purport to change the meaning of the entire chapter.  Some of the definitions included in this section were not included in every act mentioned in the source note, but these definitions were made general to the entire title, because of their scope and because the meaning of any of the provisions of the various chapters of this title will not be changed by making such definitions general in effect.

[¶13] That background reflects that the statutes intended a bicycle to be considered a “vehicle” for the purposes of N.D.C.C. chapters 39-08 through 39-13.  The relevant portions of the current two statutes are almost identical to the provisions at the time of their respective amendments in 1943, and with the exception of the language borrowed from what is now N.D.C.C. § 39-01-01 to create what is now N.D.C.C. § 39-07-01, N.D.C.C. § 39-01-01 is today almost identical to that at the time of its enactment in 1927.  
See
 N.D.R.C. ch. 39-0101, 39-0701 (1943); 1927 N.D. Sess. Laws ch. 162, § 1.

[¶14] The historical background for the two statutes in dispute also reflects they are not in conflict with one another.  Rather, N.D.C.C. § 39-07-01 derived from N.D.C.C. § 39-01-01 after the legislature amended N.D.C.C. § 39-01-01 in 1943 by removing language deeming a bicycle a “vehicle” and using that language to create a new statute under what is now N.D.C.C. § 39-07-01.  
See
 N.D.R.C. ch. 39-0101, 39-0701 (1943).  Consequently, we conclude a bicycle is considered a “vehicle” under N.D.C.C. § 39-08-01, and the district court did not err in concluding the same.

 

III

[¶15] We affirm the criminal judgment.

[¶16] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.