**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Gary L. PATTEN, Defendant and Appellant.**

Cr. No. 1135.

Supreme Court of North Dakota.

Jan. 22, 1986.

Gary L. Patten, pro se.

Patricia L. Burke, Asst. State's Atty., Bismarck, for plaintiff and appellee.

GIERKE, Justice.

Gary L. Patten appeals from a district court order which denied his request to have a felony conviction reduced to a misdemeanor pursuant to § 12.1–32–02(9) of the North Dakota Century Code. We affirm.

Patten was convicted on November 1, 1983, of the class C felony crime of removal of a child from the State in violation of a custody decree. § 14–14–22.1, N.D.C.C. He was sentenced by the district court to two years in the North Dakota State Penitentiary, one year suspended, with two years' probation to start upon release from the state penitentiary.

By motion, dated August 13, 1985, Patten requested the felony conviction be reduced to a misdemeanor pursuant to § 12.-1–32–02(9), N.D.C.C. The motion was resisted by the State and, on September 25, 1985, the district court denied Patten's motion. Patten then filed his notice of appeal.

Section 12.1–32–02(9), N.D.C.C., provides as follows:

> *"12.1–32–02. Sentencing alternatives—Credit for time in custody—Diagnostic testing.*
>
> .    .    .    .    .
>
> "9. A person convicted of a felony who *is sentenced to imprisonment for not more than one year* shall be deemed to have been convicted of a misdemeanor upon successful completion of the term of imprisonment." [Emphasis added.]

Patten's primary argument on appeal is that his conviction resulted in his serving one year in the state penitentiary as ordered by the district court. He further argues that he has successfully served his one year in the state penitentiary and that, therefore, his felony conviction should now be reduced to a misdemeanor conviction.

■ The statute is clear that a felony conviction resulting in a *sentence* for imprisonment of one year or less will be reduced to a misdemeanor conviction after sentence has been served. The term "sentence" as used in our criminal law refers to the judgment of the court formally pronounced awarding punishment to be inflicted. *Waltman v. Austin*, 142 N.W.2d 517 (N.D.1966).

■ Patten has mistakenly interpreted the statute, placing the emphasis on the time actually served rather than the length of the sentence he received. Patten remains subject to serving the suspended one-year of his two-year sentence should he violate his probation conditions.

For the reasons set forth in this opinion we affirm.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.