2012 ND 129

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kenneth Lynn EIDE, Defendant and Appellant.**

**Nos. 20110263–20110269.**

Supreme Court of North Dakota.

July 12, 2012.

Ken R. Sorenson, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for plaintiff and appellee.

Richard E. Edinger, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Kenneth Eide appeals from a district court order denying his motion to correct illegal sentences under N.D.R.Crim.P. 35(a) after the court discharged him from civil commitment as a sexually dangerous individual and amended five criminal judgments against him on December 27, 2010. We affirm the order to the extent the court did not amend three of the criminal judgments on December 27, 2010, and we reverse the order to the extent the court amended five of the criminal judgments on December 27, 2010, because the court did not provide Eide with notice before modifying his probation. On January 3, 2011, the court amended at Eide's request one of the three judgments it did not amend on December 27, 2010, extending his probation for five years after the expiration of his original probationary period. Eide remains on probation under the terms of the court's January 3, 2011, order.

I

[¶ 2] In August 2001, in exchange for the State's dismissing charges against Eide in district court case numbers 34–01–K–00158 through 34–01–K–00162, Eide pled guilty to four counts of gross sexual imposition in case numbers 34–01–K–00154 through 34–01–K–00157, class A felonies; one count of gross sexual imposition in case number 34–01–K–00153, a class B

felony; and one count of attempted sexual assault in case number 34–01–K–00163, a class C felony. The court sentenced Eide to eleven years in prison with five years suspended while he was on supervised probation for five years for each of the class A felonies. The court sentenced him to ten years in prison with five years suspended while he was on supervised probation for five years for the class B felony, and five years in prison for the class C felony. The court ordered the six sentences to run concurrently. Additionally, in March 2002, Eide pled guilty to two counts of gross sexual imposition in case number 34–01–K–00352, class A felonies. For each count, the district court sentenced him to ten years in prison with forty-four months suspended while he was on supervised probation for five years.

[¶ 3] In June 2006, before his scheduled June 17, 2006, release from prison, Eide was civilly committed as a sexually dangerous individual under N.D.C.C. ch. 25–03.3. On December 27, 2010, the district court discharged Eide from commitment as a sexually dangerous individual and amended five of the criminal judgments, ordering him to remain on probation for five years after his discharge from civil commitment. Under the original judgments, Eide's five years of supervised probation would have ended in June 2011. Instead, by amending five of the original criminal judgments in case numbers 34–01–K–00153 through 34–01–K–00157 to reflect the time Eide spent civilly committed, the district court ordered him to serve five years of supervised probation after his discharge from civil commitment in December 2010.

[¶ 4] On January 3, 2011, Eide petitioned the district court under district court case number 34–01–K–00352 to extend his probationary period for five years after the expiration of his original probationary period. Eide stated in his petition that as a result of the original judgments, he would be unable to pay the balance of fees imposed by the district court before his original probationary period was to end, which would subject him to a potential probation violation. The district court granted Eide's petition that day and ordered his probationary period to be extended for five years.

[¶ 5] In June 2011, Eide moved to correct illegal sentences under N.D.R.Crim.P. 35(a), arguing the district court "usurped its authority" by amending the criminal judgments on December 27, 2010. The district court amended five judgments in case numbers 34–01–K–00153 through 34–01–K–00157 in its December 27, 2010, order. In his motion, however, Eide included case numbers 34–01–K–00158 through 34–01–K–00162, which previously had been dismissed by the State in exchange for his guilty pleas; case number 34–01–K–00163, which had an expired sentence; and case number 34–01–K–00352, for which the district court had previously extended Eide's probationary period by five years at Eide's request. The State, through the then-Pembina County State's Attorney, did not respond to Eide's motion or Eide's subsequent reply brief. The district court denied Eide's motion, concluding that under the original judgments, it intended Eide to serve five years of supervised probation after he was released from custody and that the amendments to five judgments did not increase any of Eide's sentences.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Eide timely appealed from the order under N.D.R.App.P. 4(b). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶ 7] Eide argues the district court "usurped its authority" and imposed an

"illegal sentence" by amending the criminal judgments nine years after entry of the original judgments.

[¶ 8] Both parties agree there are no facts in dispute. Instead, the issue on appeal involves a question of law, which we review de novo. *Wheeler v. Gardner,* 2006 ND 24, ¶ 8, 708 N.W.2d 908. A question of law is fully reviewable on appeal. *State v. Stavig,* 2006 ND 63, ¶ 12, 711 N.W.2d 183.

A

[¶ 9] Eide argues N.D.R.Crim.P. 35(a) authorizes a sentencing court to correct an illegal sentence at any time. In his motion, Eide erroneously claimed the district court amended judgments in case numbers 34–01–K–00153 through 34–01–K–00163 and 34–01–K–00352 in its December 27, 2010, order discharging him from civil commitment. The record reflects, however, the district court amended only the judgments in case numbers 34–01–K–00153 through 34–01–K–00157 at that time. The district court did not amend the judgments in case numbers 34–01–K–00158 through 34–01–K–00162, because the State previously had dismissed each of those counts in exchange for Eide's August 2001 guilty pleas to the six other counts. The district court also did not amend the judgment in case number 34–01–K–00163, because the sentence had expired when Eide was discharged from civil commitment. Furthermore, the district court did not amend the two judgments in case number 34–01–K–00352 in its December 27, 2010, order, but rather amended those two judgments on January 3, 2011, after Eide petitioned the court for a five-year extension of his probationary period.

[¶ 10] Rule 35(a)(1), N.D.R.Crim.P., governing an illegal sentence, provides:

(1) Illegal Sentence. The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1).

"A sentence is illegal under Rule 35(a), N.D.R.Crim.P., if it is not authorized by the judgment of conviction." *State v. Raulston,* 2005 ND 212, ¶ 7, 707 N.W.2d 464. "We have recognized that an illegal sentence may be contrary to statute, fail to comply with a promise of a plea bargain, or be inconsistent with the oral pronouncement of the sentence." *State v. Edwards,* 2007 ND 113, ¶ 5, 736 N.W.2d 449. "The clearest instance of illegality in a sentence is where the court imposes a sentence in excess of the maximum term authorized under the statute violated. An excessive sentence is void only as to the excess and is to be corrected, not by absolute discharge of or new trial for the prisoner, but by an appropriate amendment to the invalid sentence by the court of original jurisdiction." N.D.R.Crim.P. 35, Explanatory Note.

[¶ 11] In August 2001, Eide pled guilty to four class A felonies, a class B felony, and a class C felony. In March 2002, he pled guilty to two additional class A felonies. Under N.D.C.C. § 12.1–32–01, a district court may impose a maximum penalty of twenty years in prison for a class A felony, ten years in prison for a class B felony, and five years in prison for a class C felony. Under N.D.C.C. § 12.1–32–06.1(3), if a defendant "has pled or been found guilty of a felony sexual offense in violation of chapter 12.1–20, the court shall impose at least five years but not more than ten years of supervised probation to be served after sentencing or incarceration." *See State v. McClean,* 1998 ND 21, ¶ 7, 575 N.W.2d 200 ("[T]he Legislature gave the trial court the ability to impose a maximum probation sentence separate from and in addition to its ability to impose a maximum imprisonment sentence.

The Legislature's intent was to allow probation sentences beyond the maximum term of imprisonment.").

[¶ 12] When all the counts are considered together, the district court originally sentenced Eide to serve a total of eleven years in prison with five years suspended while he was on supervised probation for five years. In June 2006, however, prior to his release from prison, Eide was civilly committed as a sexually dangerous individual under N.D.C.C. ch. 25–03.3. The district court did not discharge Eide from civil commitment until December 27, 2010. In its order discharging Eide from the custody of the Department of Human Services, the district court amended five of the original criminal judgments, ordering Eide to remain on probation for five years after his discharge from custody. Instead of Eide's probation ending in June 2011 under the original judgments, the district court ordered Eide to remain on probation for five years after his discharge from custody as a sexually dangerous individual.

[¶ 13] Eide argues the district court had no authority under the rules of criminal procedure or statute to modify the original criminal judgments. He argues the district court not only lacked good cause to amend the criminal judgments under N.D.C.C. § 12.1–32–07(6), but it also failed to provide him notice. Eide additionally argues he did not violate any conditions of probation.

[¶ 14] The State responds the district court had authority to modify or enlarge Eide's probation under N.D.C.C. § 12.1–32–07(6), which provides in part:

The court, *upon notice to the probationer* and with good cause, may modify or enlarge the conditions of probation at any time prior to the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time before the expiration or

termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1–32–02 or 12.1–32–09 at the time of initial sentencing or deferment.

(Emphasis added.) The State argues the modification of probation, regardless of whether a probationer first violates a condition of probation, is consistent with the rehabilitative purposes of probation. The State argues the plain language of N.D.C.C. § 12.1–32–07(6) does not require Eide to have violated his probation or the State to have filed a petition to revoke his probation before the district court could have modified his probation.

[¶ 15] This record does not establish the district court provided Eide notice before amending the five criminal judgments. The court's failure to comply with the statutory notice requirement deprived Eide of his due process right to notice. *See In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) ("Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded."); *State v. Grenz*, 243 N.W.2d 375, 379 (N.D.1976) (failure of the juvenile court to comply with the statutory notice requirement in a transfer of jurisdiction hearing precluded a subsequent conviction in district court for lack of jurisdiction).

[¶ 16] The record does not reflect the State petitioned the district court to revoke Eide's probation for violating the conditions of his probation. Instead, the record reflects the district court amended five criminal judgments without notice under N.D.C.C. § 12.1–32–07(6) as part of the same written order discharging Eide from the custody of the Department of Human

Services as a sexually dangerous individual on December 27, 2010, approximately six months before Eide's five-year probationary period was due to end under the original judgments.

[¶ 17] Because the district court did not provide Eide with proper notice under N.D.C.C. § 12.1–32–07(6) before it amended the judgments, the court did not provide Eide an opportunity to be heard before it increased his five-year probationary period. *See Grenz,* 243 N.W.2d at 379 (quoting *In re Gault,* 387 U.S. at 33, 87 S.Ct. 1428) ("The failure of the State to provide adequate notice . . . was material not only because of the explicit notice requirement in the statute but because due process of law requires notice to be given 'sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded.' ").

[¶ 18] We conclude the district court deprived Eide of an opportunity to be heard and to prepare for the hearing because the court did not first provide him notice of its intent to modify his probationary period when it amended five judgments in a December 27, 2010, order discharging him from civil commitment. *See In re Gault,* 387 U.S. at 33, 87 S.Ct. 1428. We reverse in part the district court order denying Eide's motion to correct illegal sentences that effectively upheld those five amended judgments. The district court improperly amended the five judgments without notice to Eide, and its decision to deny Eide's motion with respect to those five judgments is erroneous.

[¶ 19] Without deciding, even if under the statute the court could have modified the term of probation by extending it, the statute requires that modification had to occur before the expiration or termination of the probation, and in this case, that period of probation has now expired, prohibiting a remand.

B

[¶ 20] Eide's argument that the district court "usurped its authority" and imposed an "illegal sentence" by amending the criminal judgments ignores that the district court amended only five of the eight judgments against him in its December 27, 2010, order discharging him from civil commitment. Eide's argument also ignores the separate January 3, 2011, district court order extending his probation by five years at his own request.

[¶ 21] The record reflects the district court, in its order denying Eide's motion to correct illegal sentences, acknowledged the expiration of a sentence resulting from Eide's pleading guilty to a class C felony in district court case number 34–01–K–00163. Because the district court sentenced Eide to five years in prison without probation for the class C felony in August 2001, the court properly concluded his sentence had expired at the time it amended the five other judgments in the same order discharging him from civil commitment on December 27, 2010. As a result, the district court did not err in denying Eide's motion to correct an illegal sentence in district court case number 34–01–K–00163.

[¶ 22] Similarly, a review of the record shows Eide petitioned the district court on January 3, 2011, in case number 34–01–K–00352 to extend his probation for five years from the expiration date of his original probationary period. He stated that as a result of the original judgments, he would be unable to pay the balance of fees imposed by the district court before his original probationary period was to end, which would subject him to a potential probation violation. Eide petitioned the district court to extend his probation in that case to prevent a probation violation and a subsequent revocation of probation. The district court granted Eide's petition on January 3, 2011, extending his proba-

tion for five years after his discharge from civil commitment on December 27, 2010. The district court previously had not amended the judgment in case number 34–01–K–00352 in its December 27, 2010, order discharging him from civil commitment.

[¶ 23] On June 6, 2011, however, Eide moved to correct illegal sentences under N.D.R.Crim.P. 35(a), arguing the district court illegally amended the original judgments in its December 27, 2010, order even though he "had committed no violations of the rules of his probation." Eide supplemented his contention with a footnote providing that he "paid all fines and financial obligations in full."

[¶ 24] Eide's motion to correct illegal sentences under N.D.R.Crim.P. 35(a), which includes district court case number 34–01–K–00352, is contrary to his actions on January 3, 2011, approximately six months before he moved to correct illegal sentences, when he petitioned the district court for a five-year extension to his probation because he could not timely pay the court-imposed fees resulting from his original judgments. Eide's motion is also contrary to the fact the district court did not amend the two judgments in case number 34–01–K–00352 when it amended five other judgments on December 27, 2010.

[¶ 25] Consequently, Eide's argument with respect to district court case number 34–01–K–00352 that the district court "usurped its . authority" and imposed an "illegal sentence" when it amended the original criminal judgments on December 27, 2010, is precluded both by his own petition requesting the court to extend his probation for five years because of his inability to timely pay his court-imposed fees resulting from the original criminal judgments and because the district court previously did not amend the judgments in case number 34–01–K–00352. As a result, the January 3, 2011, order extending

Eide's probation for five years from the expiration of his original probationary period remains in effect, and Eide remains on probation under the terms of that order.

[¶ 26] We conclude the district court properly denied Eide's motion to correct illegal sentences under N.D.R.Crim.P. 35(a) with respect to three judgments in case numbers 34–01–K–00163 and 34–01–K–00352 because the court did not amend those three judgments in its December 27, 2010, order, and in a January 3, 2011, separate order under case number 34–01–K–00352, at Eide's request the district court extended Eide's probationary period for five years after the expiration of his original probationary period. Eide remains on probation under the terms of the January 3, 2011, order.

III

[¶ 27] We affirm in part the district court order denying Eide's motion to correct illegal sentences because the district court did not amend three of the eight judgments under a December 27, 2010, order discharging Eide from civil commitment. We reverse in part because the district court did not provide Eide notice before modifying his probationary period in five judgments under the December 27, 2010, order.

[¶ 28] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.