2013 ND 101

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Matthew EAGLEMAN, Defendant and Appellant.**

No. 20120406.

Supreme Court of North Dakota.

June 19, 2013.

Rehearing Denied July 18, 2013.

Lonnie Olson, State's Attorney, Devils Lake, N.D., for plaintiff and appellee.

Adam L. Fleischman (argued) and Blake D. Hankey (on brief), Grand Forks, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Matthew Eagleman appeals from an order granting the State's motion to correct an illegal sentence and resentencing him to imprisonment. Because the district court acted within the statutorily prescribed sentencing limits and did not rely on an impermissible factor in resentencing Eagleman, we affirm.

I

[¶ 2] On September 19, 2002, Eagleman pled guilty to class A misdemeanor harboring a runaway minor and class A felony gross sexual imposition in Ramsey County. He was sentenced to one year in prison with all time suspended for two years on the harboring charge and to five years in prison on the gross sexual imposition charge with all imprisonment suspended for four years while he was on supervised probation. He was given credit for 127 days spent in custody. Less than one month later on October 16, 2002, Eagleman's probation was revoked and he was resentenced by the district court as follows:

> [F]or the Harboring a Runaway charge, [he shall] serve one (1) year with the Department of Corrections with credit for 141 days. For the GSI charge he shall serve five (5) years with the Department of Corrections with no credit for time served. He is to serve four (4) years consecutive with the Harboring charge. One (1) year will be suspended for five (5) years upon his release. His previous Appendix A conditions [of probation] shall be re-imposed.

From December 2006 until February 2008, Eagleman spent time at the State Hospital pending a separate civil commitment hearing as a sexually dangerous individual.

[¶ 3] In June 2008, the State filed another petition to revoke Eagleman's probation. On September 17, 2008, the district court found Eagleman had violated numerous conditions of his probation and resentenced him to 20 years in prison, to serve seven years with credit for four years and 89 days, with the remaining 13 years suspended for five years during which time he would be placed on supervised probation. In July 2011, the State filed its third petition to revoke Eagleman's probation. On August 31, 2011, the court found he had again violated the conditions of probation and resentenced him to 20 years in prison, to serve 10 years with credit for seven years and 37 days, with the balance of 10 years suspended for 10 years during which time he would be placed on supervised probation.

[¶ 4]   In August 2012, the State moved to correct an illegal sentence under N.D.R.Crim.P. 35.  The State argued that, under *State v. Perales,* 2012 ND 158, 820 N.W.2d 119 and *State v. Stavig,* 2006 ND 63, 711 N.W.2d 183, Eagleman could not be ordered to serve more than two periods of probation for his crimes.  Following a hearing, the district court agreed with the State and resentenced Eagleman to 20 years in prison with credit for time served in prison and in the State Hospital which totaled nine years, four months and 24 days.

## II

[¶ 5]   Eagleman argues the district court "exceeded its authority or abused its discretion" in correcting his illegal sentence by resentencing him to the maximum term of imprisonment available under the law.

[¶ 6]   This Court will vacate a district court's sentencing decision only if the court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence.  *E.g., State v. Gonzalez,* 2011 ND 143, ¶ 6, 799 N.W.2d 402.   Under N.D.R.Crim.P. 35(a)(1), the "sentencing court may correct an illegal sentence at any time."   A sentence is illegal if it exceeds the maximum term authorized by statute.  *E.g., State v. Eide,* 2012 ND 129, ¶ 10, 818 N.W.2d 711. There is no dispute in this case that the sentences imposed on Eagleman in September 2008 and August 2011 are illegal under *Perales,* 2012 ND 158, 820 N.W.2d 119 and *Stavig,* 2006 ND 63, 711 N.W.2d 183, which basically hold a defendant who has served two probationary terms cannot be resentenced to a third probationary term following revocation of probation.

## A

[¶ 7]   Eagleman argues the district court exceeded its authority in imposing the current sentence for two reasons.

[¶ 8]   First, Eagleman argues the district court could not increase his term of imprisonment because in *State v. Garvin,* 329 N.W.2d 621, 623 (N.D.1983), this Court said "[t]he language in Rule 35 does not authorize a sentencing court to increase a sentence." However, *Garvin* and its progeny, *State v. Bryan,* 316 N.W.2d 335, 338 (N.D.1982), involved situations where the original sentences imposed were not illegal or imposed in an illegal manner, and this Court held the sentencing court could not modify those legal sentences to increase the punishment.  Here, the September 2008 and August 2011 sentences were illegal, and *Garvin* and *Bryan* do not apply.   Section 12.1–32–07(6), N.D.C.C., provides that "[i]f the defendant violates a condition of probation at any time before the expiration or termination of the period, the court ... may revoke the probation and impose any other sentence that was available under section 12.1–32–02 or 12.1–32–09 at the time of initial sentencing or deferment."   "This Court has long held that the current provisions of N.D.C.C. § 12.1–32–07(6) allow a trial court to impose a harsher sentence upon revocation of probation."  *Peltier v. State,* 2003 ND 27, ¶ 13, 657 N.W.2d 238.

[¶ 9]   Second, Eagleman appears to argue that because only the probationary terms imposed in 2008 and 2011 are illegal, the district court had no authority to increase the seven-year term of actual imprisonment imposed in 2008.   In effect, Eagleman contends he is entitled to be released from prison when he has completed his seven-year term of actual imprisonment.

[¶ 10] Eagleman's argument ignores that when both imprisonment and probation are imposed by a criminal sentence, the periods of imprisonment and probation are inextricably intertwined to meet the needs of both society and the particular defendant involved. Use of probation as part of a sentence is authorized by N.D.C.C. § 12.1–32–02. *See State v. Miller*, 418 N.W.2d 614, 616 (N.D.1988). The basic purpose of probation is "to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement," and "is in large part concerned with avoiding future crimes by helping the defendant learn to live productively in the community which he has offended against." *State v. Roth*, 2008 ND 227, ¶ 13, 758 N.W.2d 686 (internal quotation marks and citations omitted). "The policy in North Dakota is that a sentence which includes probation is not final, but is designed to provide a flexible alternative that allows the trial court to monitor the defendant's conduct while on probation and to alter the defendant's sentence if the initial sentence of probation is not effective." *Peltier*, 2003 ND 27, ¶ 16, 657 N.W.2d 238. Consequently, we have said a court may resentence a defendant to a harsher sentence than his original sentence upon revocation of probation because revocation reflects the need to alter the defendant's ineffective original sentence. *See Davis v. State*, 2001 ND 85, ¶ 11, 625 N.W.2d 855. Indeed, we have recognized that probation would be useless if revocation could not result in harsher consequences for the defendant. *See Peltier*, at ¶ 17.

[¶ 11] The Explanatory Note to N.D.R.Crim.P. 35 states that "[a]n excessive sentence is void only as to the excess, and is to be corrected, not by absolute discharge of or new trial for the prisoner, but by an appropriate amendment to the invalid sentence by the court of original jurisdiction." But this does not mean the district court can only excise the invalid probationary term and leave the remaining sentence intact. A criminal sentence that includes incarceration and probation is necessarily formulated with the assumption that the defendant will comply with the imposed conditions of probation. When a defendant's probation is revoked for violation of those conditions, the balance the sentencing court sought to achieve by tailoring a term of imprisonment with a term of probation is destroyed. We therefore conclude the illegal probationary terms in Eagleman's 2008 and 2011 sentences invalidated those sentences in their entirety, and the district court was authorized to impose any other sentence that was available at the time of initial sentencing. *Cf. Peltier*, 2003 ND 27, ¶¶ 17–20, 657 N.W.2d 238 (court could increase term of imprisonment provided in binding plea agreement after defendant's probation was revoked).

[¶ 12] The maximum sentence available for a class A felony is 20 years in prison, a $10,000 fine, or both. *See* N.D.C.C. § 12.1–32–01(2). Because the sentence is within the statutory limits, it is not invalid and the district court did not exceed its authority.

### B

[¶ 13] Eagleman argues the district court relied on an impermissible factor in sentencing him when the court found Eagleman was a "high risk sex offender" and a "danger to the community." Eagleman argues there was no evidence presented at the sentencing hearing to support these findings.

[¶ 14] Eagleman's status as a high risk sex offender was not disputed at the sen-

tencing hearing. At the hearing, the prosecutor recommended:

20 years with credit for time served. Mr. Eagleman has an extensive history and he is a high risk sex offender. There had been an extensive revocation hearing at one point where he had continued to be around little children. That he was out—outside of his hours that was tracked on an electronic ankle bracelet and him being in a relationship with a woman with a number of minor children.

He continues to be a high risk sex offender and we would ask—we believe that the 20 years is the appropriate sentence for Mr. Eagleman.

In response, Eagleman's defense attorney asked for leniency:

Your Honor, he is going to live with the fact that he is a convicted felon and he has to register for his whole life as a high risk sex offender and that is going to follow him wherever he goes.

The court said:

Mr. Eagleman, I don't like my options at all. Because Mr. Eagleman based on our history and I have to rely on your history and I would have to make a Finding: That you are a high risk sex offender. I would also—I also make a Finding: That you constitute a danger to the community.

[¶ 15] "Judges do not, and should not, operate in a vacuum in sentencing." *State v. Koehmstedt*, 297 N.W.2d 315, 319 (N.D.1980). This Court has said a district court may consider a defendant's background based on facts the judge learned while presiding over a case, and "may express his appraisal of the defendant's conduct and may do so in such a manner that will impress upon the defendant the error of his ways." *State v. Dailey*, 2006 ND 184, ¶ 10, 721 N.W.2d 29. Here, the judge had been dealing with

Eagleman for a decade, and was obviously familiar with the facts of the case and Eagleman's repeated violations of probation.

[¶ 16] We conclude Eagleman has not established that the district court substantially relied on an impermissible factor in sentencing him or made any inappropriate findings.

### III

[¶ 17] We do not address other arguments raised because they are either unnecessary to the decision or are without merit. The order is affirmed.

[¶ 18] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.