2014 ND 166

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Chad M. KLEIN, Defendant and Appellant.**

**No. 20140001.**

Supreme Court of North Dakota.

July 31, 2014.

Rehearing Denied Aug. 28, 2014.

Ladd R. Erickson, State's Attorney, Washburn, N.D., for plaintiff and appellee; submitted on brief.

Chad M. Klein, Jamestown, N.D., defendant and appellant; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1]   Chad Klein appealed from a district court order denying his motion to correct his sentence.  Because the court acted within statutorily prescribed sentencing limits, we conclude the court did not err in denying Klein's motion to correct his sentence.  We affirm.

I

[¶ 2]   In 2000, Klein was convicted of gross sexual imposition, a class A felony. The district court sentenced him to 20 years in prison with eight years suspended for a period of five years after release from incarceration, during which time Klein would be on supervised probation. The criminal judgment also incorporated an Appendix A, providing for conditions of his probation.

[¶ 3]   In January 2012, the State petitioned to revoke Klein's probation for failing to complete the sex offender treatment program while in prison.  On February 24, 2012, the district court entered a new Appendix A, revising Klein's probation conditions.  On February 29, 2012, the State moved the court to dismiss the revocation petition on grounds Klein had not been offered the treatment in prison for which he was being revoked, and, on the same day, the court entered an order granting the State's motion to dismiss the petition.

[¶ 4]   In August 2012, the State again petitioned to revoke Klein's probation.  After a hearing, the district court found Klein had violated the conditions of his probation.  On October 30, 2012, the court entered an amended judgment revoking Klein's probation and resentencing him to the original terms and conditions of the criminal judgment, and subject to the terms and conditions set forth in the Appendix A. The court essentially revoked Klein's probation and reinstated his supervised probation.

[¶ 5]   In March 2013, the State again petitioned to revoke Klein's probation.  In April 2013, the district court held a hearing on the petition and made specific findings on the record regarding the petition's allegations, finding Klein had again violated conditions of his probation.  On April 30, 2013, the court entered a second amended criminal judgment, revoking

Klein's probation and resentencing him to serve the remaining eight years of his original sentence.

[¶ 6] In October 2013, Klein moved the district court for correction of an illegal sentence, asserting that under this Court's decisions in *State v. Perales*, 2012 ND 158, 820 N.W.2d 119, and *State v. Stavig*, 2006 ND 63, 711 N.W.2d 183, his April 2013 sentence was illegal because he had previously been sentenced to two probationary periods before his "third" sentence in April 2013. In December 2013, the court denied Klein's motion, concluding his sentence complied with requirements that he could only be sentenced to two terms of probation and explaining:

Defendant was sentenced on October 4, 2000, to a 20 year sentence with 8 years suspended for 5 years upon release. A petition for revocation was filed on January 13, 2012. This petition was dismissed by motion of the state on February 24 [sic], 2012. Another petition to revoke was filed on August 1, 2012. The Court on October 30, 2012, issued an order revoking Defendant[']s probation and reinstated his supervised probation. On March 8, 2013, a petition to revoke probation was again filed. The Court revoked Defendant's probation for the 2nd time and sentenced him on April 30, 2013, to the remainder of his sentence taking into consideration the very requirement of not revoking a defendant to probation a second time.

Defendant's probation was revoked once and he was placed on probation. Defendant was revoked a second time and given the balance of his sentence. The sentence was not illegal.

## II

[¶ 7] Rule 35(a)(1), N.D.R.Crim. P., states: "The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided for reduction of sentence in Rule 35(b)(1)." We have said a sentencing court may correct an illegal sentence at any time under N.D.R.Crim.P. 35(a)(1), and a sentence is illegal when it exceeds the maximum term authorized by statute. *See State v. Eagleman*, 2013 ND 101, ¶ 6, 831 N.W.2d 759; *State v. Eide*, 2012 ND 129, ¶ 10, 818 N.W.2d 711. "This Court will vacate a district court's sentencing decision only if the court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence." *Eagleman*, at ¶ 6 (citing *State v. Gonzalez*, 2011 ND 143, ¶ 6, 799 N.W.2d 402).

## III

[¶ 8] In *Eagleman*, 2013 ND 101, ¶ 6, 831 N.W.2d 759, this Court explained that in *Perales*, 2012 ND 158, 820 N.W.2d 119, and *Stavig*, 2006 ND 63, 711 N.W.2d 183, we essentially held that "a defendant who has served two probationary terms cannot be resentenced to a third probationary term following revocation of probation." *See also* N.D.C.C. § 12.1–32–06.1(5) ("In felony cases, in consequence of violation of probation conditions, the court may impose an additional period of probation not to exceed five years. The additional period of probation may follow a period of incarceration if the defendant has not served the maximum period of incarceration available at the time of initial sentencing or deferment.").

[¶ 9] Klein argues the district court erred in denying his motion to correct his sentence and his sentence is illegal under the *Perales* and *Stavig* cases. Klein's argument on appeal regarding an illegal sentence, however, is slightly different than the argument he presented in his motion to the district court.

[¶ 10] In his motion to the district court, Klein argued that his April 2013 sentence, which sentenced him to prison for the remaining eight years of his original sentence, was illegal because he had previously been sentenced to *two* probationary periods before his April 2013 sentence. He contended his "first" probationary period was part of his initial sentence in 2000, which "ended when his probation was revoked in October of 2012," and his "second" probationary period was part of his resentencing following his first revocation, which "ended when his probation was revoked in April of 2013."

[¶ 11] On appeal, however, Klein contends that he was in fact sentenced four times, which included three sentences to a term of probation. Contrary to his motion, Klein now asserts his first probationary period was part of his initial sentence in 2000, which "ended when his probation was revoked in January of 2012." He asserts his second probationary period was "part of his re-sentence following his first revocation as authorized by N.D.C.C. § 12.1–32–06.1(5) and ended when his probation was revoked in October of 2012." He contends he was placed on a "third" illegal term of probation as part of his resentencing in October 2012, and this illegal probationary period was revoked during probation revocation proceedings leading to his April 2013 sentence. Klein argues this "third" sentence to a term of probation in October 2012, was illegal and must be vacated and that any sentence subsequent to the illegal "third" term of probation must be vacated, including his April 2013 sentence.

[¶ 12] The State responds that the *Perales* and *Stavig* cases simply do not apply because, as the district court concluded, Klein had been sentenced to only two terms of probation and he received a straight-time sentence in April 2013.

[¶ 13] The crux of Klein's argument on appeal relies on his characterization of the January 2012 proceedings as constituting his "second" term of probation, which included a revised Appendix A entered on February 24, 2012, modifying his probation conditions. Despite Klein's assertion to the contrary, the district court did not revoke Klein's probation in January 2012. Rather, after the State petitioned for revocation in January 2012, the court amended his probation conditions contained in Appendix A and granted the State's motion to dismiss the petition. Klein has not raised any issues relating to the proceedings leading to the court's dismissal of the January 2012 petition for revocation.

[¶ 14] This Court has said that "[a] sentencing court has continuing power to modify the conditions of probation." *State v. Gates,* 540 N.W.2d 134, 138 (N.D.1995); *see also State v. Clark,* 2001 ND 194, ¶ 10, 636 N.W.2d 660. Section 12.1–32–07(6), N.D.C.C., provides that a court may modify or enlarge conditions of probation:

> The court, upon notice to the probationer and with good cause, may *modify or enlarge the conditions of probation at any time* prior to the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time before the expiration or termination of the period, the court may continue the defendant on the existing probation, *with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available* under section 12.1–32–02 or 12.1–32–09 at the time of initial sentencing or deferment. In the case of suspended execution of sentence, the court may revoke the probation and cause the defendant to suffer the penalty of the sentence previously imposed upon the defendant.

(Emphasis added.) *See also* N.D.C.C. § 12.1–32–06.1(7) ("Notwithstanding the fact that a sentence to probation subsequently can be modified or revoked, a judgment that includes such a sentence constitutes a final judgment for all other purposes.").

[¶ 15] The interpretation of a statute presents a question of law and is fully reviewable on appeal. *Stavig,* 2006 ND 63, ¶ 12, 711 N.W.2d 183. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C. § 1–02–02. "When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05.

[¶ 16] "The term 'sentence' as used in our criminal law refers to the judgment of the court formally pronounced awarding punishment to be inflicted." *State v. Patten,* 380 N.W.2d 346, 347 (N.D. 1986) (citing *Waltman v. Austin,* 142 N.W.2d 517 (N.D.1966)); *see also Black's Law Dictionary* 1485 (9th ed. 2009) ("Sentence" means "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer <a sentence of 20 years in prison>."). This Court has said "sentencing" means "the determination of the sentence," or in ordinary terms, "to pronounce judgment or punishment upon (a convicted person); condemn (to a specified punishment)." *State v. Wardner,* 2006 ND 256, ¶ 10, 725 N.W.2d 215 (quoting 1 La Fave, Israel & King, *Criminal Procedure* § 1.3(r) (2d ed.1999) and *Webster's New World Dictionary* 1297 (2d ed.1980)) (quotation marks omitted); *see also Black's Law Dictionary* 1486 (9th ed. 2009) ("Sentencing" means "[t]he judicial determination of the penalty for a crime."). We have also said "resentencing" means the " 'act or an instance of imposing a new or revised criminal sentence.' " *Wardner,* at ¶ 11 (quoting *Black's Law Dictionary* 1309 (7th ed.1999)).

[¶ 17] The question here involves whether the proceedings, which began with the January 2012 petition for revocation and led to the February 2012 order dismissing the State's petition for revocation, constituted a "modification" of Klein's probation conditions or a "revocation" of probation with imposition of a new sentence of probation. While "revocation" is defined as "an annulment, cancellation, or reversal, usu. of an act or power," the term "modification" means "[a] change to something; an alteration" or "[a] qualification or limitation of something." *Black's Law Dictionary* 1095, 1435 (9th ed.2009).

[¶ 18] Here, in the proceedings leading to the dismissal of the January 2012 petition for revocation, the district court did not specifically revoke Klein's probation and impose a new or revised criminal sentence on him, so as to constitute a new term of probation. The court instead only modified the conditions applicable to his existing term of probation imposed in conjunction with his original sentence in 2000. We, therefore, conclude the district court did not revoke Klein's probation and impose a new probationary term in either its February 24, 2012 revised Appendix A, or in its February 29, 2012 order dismissing the petition for revocation of probation.

[¶ 19] Thus, because Klein was not sentenced to a third probationary term following revocation of his probation when the district court imposed its April 2013 sentence, we conclude the court's sentence did not constitute an illegal sentence under the *Perales* and *Stavig* cases. We conclude the district court did not err in denying Klein's motion to correct an illegal sentence.

## IV

[¶ 20] The district court order is affirmed.

[¶ 21] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.